IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



UNITED STATES OF AMERICA,  )
                           )
                           )
                           )
        v.                 )   No. 05 CR 166
                           )
WOJCIECH SKUPINSKI.        )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Wojciech Skupinski's motion to recuse. For the reasons stated below, we deny Defendant's motion to recuse.

## BACKGROUND

On February 17, 2005, Defendant was indicted on charges relating to acts of bribery of an Immigration and Naturalization Service ("INS") official during the years 1999, 2000, and 2001. On April 4, 2005, Defendant appeared before the court for his arraignment with his current counsel, Piyush Chandra ("Chandra"). The instant matter has been continued at the request of the parties on several occasions and the last status hearing was held on November 14, 2005. On that date, Defendant's counsel Chandra stated in open court that Defendant would be filing a

1

motion to recuse because Defendant believed that the undersigned had served as the District Counsel of the former INS during part of 1999 and 2000. Chandra also stated that there was a good chance that the parties would reach a plea agreement, but that Defendant would still file a motion to recuse because the undersigned would be the sentencing judge even with a plea agreement. On November 17, 2005, Defendant filed the instant motion to recuse, alleging that the charges against him arose out of an undercover operation by the federal government, known as Operation Durango, "of which the INS was a key and essential participant" and that the undersigned was formerly the District Counsel of INS during part of that period. (Mot. 1).

## DISCUSSION

A consideration of whether a judge should recuse himself is a serious matter. A judge should not recuse himself unless there is "compelling evidence" that his judgment would be compromised. *U.S. v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985). A judge should recuse himself from presiding over a case in which he may have an interest or may be unduly prejudiced. *See Laird v. Tatum*, 409 U.S. 824, 833 (1972)(stating the narrow circumstances that require the recusal of a judge). The obligation to recuse is not only limited to where a party makes a motion, rather, it also places a burden on the judge to *sua sponte* identify those situations where recusal would be appropriate. *See Liteky v. United States*, 510 U.S. 540, 548 (1994).

In addition, 28 U.S.C. § 455 provides that a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned or where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. At the same time, recusal is not a tool that parties can arbitrarily invoke. Judges have an obligation not to recuse themselves in certain circumstances. *See Laird*, 409 U.S. at 837 (stating that "a Federal judge has a duty to sit where not disqualified which is equally as strong as the duty not to sit where disqualified").

The test for determining whether recusal is an appropriate remedy is an objective one. *Balistrieri*, 779 F.2d at 1202. A judge should recuse himself when it would appear to a reasonable person, based on all the relevant facts, that a judge's impartiality might reasonably be questioned. *Id.* The Seventh Circuit has stated that "the negative bias or prejudice from which the law of recusal protects a party must be grounded in some personal animus or malice that the judge harbors against him, of a kind that fair-minded person could not entirely set aside when judging certain persons or causes." *Id.* at 1201. Further, "[t]he disqualification of a judge for actual bias or prejudice is a serious matter, and it should be required only when the bias or prejudice is proved by compelling evidence." *Id.*

In support of his motion, Defendant states that "Judge Der-Yeghiayan's role as District Counsel for the INS during the period relevant to the instant charges strongly suggests that in the course of his government employment as counsel he

3

would have known about and most probably expressed an opinion concerning the merits of this investigation." (Mot. 3). Defendant also argues that "[a]s the District Counsel in Chicago, Judge Der-Yeghiayan would have had to have known of and expressed an opinion on Operation Durango One." (Mot. 3). Defendant further argues that "Judge Der-Yeghiayan would have at least known about, and signed off on, the District's legal opinion on Agent Robinson's undertaking apparently corrupt and illegal behavior for the purpose of investigating individuals from whom he received bribes." (Mot. 3). Finally, Defendant concludes that "[i]t is unlikely that such an operation could have been put in place without the District Counsel's approval." (Mot. 3).

First, Defendant assumes facts and makes generalized allegations that have no factual support. For example, Defendant uses terms like "strongly suggests" and "most probably expressed" to support his claims in the instant motion. (Mot. 3). However, nowhere in Defendant's motion does he point to any evidence that would show that the undersigned knew of Operation Durango or expressed an opinion about it. Second, Defendant states that "Judge Der-Yeghiayan would have at least known about, and signed off on, the District's legal opinion . . . ." (Mot. 3). However, Defendant has not pointed to any legal opinion by the District Counsel of INS because in fact no such legal opinion exists. Defendant's allegation that the undersigned would have at least known about and signed off on the District's legal opinion is pure speculation on Defendant's part. As the former District Counsel of

4

the INS, the undersigned can state unequivocally that the District Counsel's office of the INS did not serve as legal counsel for any undercover operations such as the one in question undertaken by INS agents. Legal advice for any such undercover operations by INS agents would have been provided by the office of the United States Attorney. Defendant's final conclusion that "[i]t is unlikely that such an operation could have been put in place without the District Counsel's approval" is simply not true because the District Counsel or his office was not involved in the approval of such undercover operations, nor was the District Counsel or his office consulted on such matters. As stated above, such matters would have been coordinated by the INS agents with the office of the United States Attorney. Defendant has not provided a single shred of evidence relating to any involvement of the undersigned as District Counsel of INS with anything relating to Defendant. At no time did the undersigned as District Counsel of INS, or otherwise, have any involvement in Operation Durango or anything relating to Defendant. Since the essence of Defendant's motion to recuse is premised upon erroneous assumptions and an inaccurate understanding of the operations of the INS District Counsel's office, the motion lacks any merit in fact and in law.

If judges were required to recuse themselves due to their former positions and without more, no former government attorney would be able to preside over cases brought by or against the federal government. Such a result would greatly impact the efficient administration of the federal courts. Based on the foregoing, Defendant

has not provided a sufficient justification for recusal. Therefore, Defendant's motion to recuse is denied.

## CONCLUSION

Based on the foregoing analysis, we deny Defendant's motion to recuse.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 30, 2005